STATE

v.

Scott Michael LECA.

No. 94–430–C.A.

Supreme Court of Rhode Island.

March 9, 1995.

Andrea Mendes, Aaron Weisman, Providence.

Ronald Cascione, Joseph Recupero, Providence.

ORDER

This case came before the Supreme Court for oral argument on February 22, 1995, pursuant to an order that directed both parties to show cause why the issues raised by the appeal of Scott Michael Leca (defendant) should not be summarily decided. The defendant, has appealed from a judgment of conviction in the Superior Court of operating a motor vehicle under the influence of alcohol in violation of R.I. General Laws § 31–27–2.

After reviewing the memoranda submitted by the parties and after hearing the arguments of counsel for the parties, we are of the opinion that cause has not been shown, and the case will be decided at this time.

The defendant appealed on the basis that first, the trial justice erred in denying defendant's motion to suppress the results of a breathalyzer test because defendant's rights were not clearly and accurately explained to him before the test was administered, and that second, the trial justice erred in denying

defendant's motion to suppress and/or dismiss the test results because police officers did not have reasonable suspicion of criminal activity sufficient to stop the vehicle defendant was driving.

As to the first issue, defendant testified that he was informed that if he did not take a chemical test his license and possibly his registration would be suspended, but defendant claimed he was not told of his right to a hearing before his registration would be suspended. Our review of the relevant portion of the rights form that was read to defendant, however, revealed that defendant was properly informed that his registration could be immediately suspended if he did not provide proof of financial responsibility. *See Levesque v. Rhode Island Department of Transportation*, 626 A.2d 1286 (R.I.1993).

In the instant case, defendant consented to the chemical test and all practical notice requirements were fulfilled.

We are of the opinion that the record discloses that ample probable cause existed to support the officer's decision to stop defendant's car. Repeated episodes of erratic driving at an early morning hour provided sufficient cause for the stop. Consequently, the trial justice properly denied defendant's motion to suppress the results of his chemical test.

Therefore, we deny and dismiss this appeal, affirm the judgment appealed from, and remand the papers to the Superior Court.